UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMON AGUILA,<br><br>    Plaintiff,<br><br>v.<br><br>BECTON AND DICKINSON, et al.,<br><br>    Defendants. | Case No.  5:22-cv-06670-EJD<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION AND DISMISS CLASS ACTION CLAIMS**<br><br>Re: Docket Nos. 16, 27 |

Plaintiff, Ramon Aguila ("Aguila" or "Plaintiff"), individually and on behalf of all others similarly situated, initiated this employment lawsuit against Defendants Becton Dickinson and Company ("Becton Dickinson")[1] and Apidel Technologies, LLC ("Apidel") (collectively "Defendants") seeking damages and restitution for Defendants' alleged violations of California's Labor Code and Business and Professions Code.  Defendants filed a joint motion to compel arbitration and dismiss Aguila's class action claims under the Federal Arbitration Act ("FAA").  Aguila filed an Opposition, and Defendants filed a Reply.  Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons explained below, the Court DENIES Defendants' motion to compel arbitration and dismiss Aguila's class action claims.

**I.  BACKGROUND**

Plaintiff, Ramon Aguila, is a resident of California.  *Aguila v. Becton and Dickinson, et al.*,

---

[1] Erroneously sued as "Becton and Dickinson." Defs.' Mot. to Compel Arbitration ("Mot. Compel") 1.

Case No.: 5:22-cv-06670-EJD
ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION

1

Santa Clara Superior Court No. 22CV401816 (filed Aug. 8, 2022), Compl. ("Compl.") ¶ 6.[2] Defendants allegedly operate as a medical device business in locations throughout California. *Id.* ¶ 7.[3] Aguila alleges that he was employed in California by Defendants from approximately November 20, 2020 to August 30, 2021 as a Packaging Operator. *Id.* ¶ 6. Aguila's duties included packaging and shipping out medical equipment, filing boxes and crates to be shipped, and operating a hoist to put in crates. *Id.* Aguila alleges Defendants failed to properly pay overtime and minimum wages, provide meal and rest breaks, provide premium wages for missed meal breaks, compensate for pre-shift activities, reimburse business expenses, report time pay, and provide sufficient wage statements. *Id.* ¶¶ 27–50.

Prior to Aguila's employment, Aguila executed an Employee Consulting Project Acceptance Agreement ("Agreement") with Apidel. *See* Defs.' Mot. to Compel Arbitration ("Mot. Compel"), Ex. 1 ("Agreement"), ECF No. 16-2. The Agreement contained the terms of an employment offer, including wages, reimbursement processes, and benefits. *Id.* Under the subtitle "Signature Acknowledgement," the Agreement also contained a sentence ("Arbitration Provision") that read: "Employee agrees that any dispute that arises out of or relating to this agreement is to be governed by the Model Employment Arbitration Procedures of the American Arbitration Association ('AAA') and any dispute will be settled by final and binding arbitration held in Chicago, IL." *Id.* at 4. The Agreement states that Apidel would assign Aguila to work on a project with Becton Dickinson in San Jose, California and lists San Jose, California as Aguila's address. *Id.* at 2. The Agreement is signed between Aguila and Apidel, but not Becton Dickinson. *Id.* at 4.

Aguila originally filed his claims in the Santa Clara County Superior Court on behalf of himself individually and the following proposed class: "All persons who have been employed by Defendant as Non-Exempt Employees or equivalent positions, however titled, in the state of

---

[2] Plaintiff originally filed this case in the Santa Clara Superior Court before Defendants removed to this Court. Notice of Removal, ECF No. 1.
[3] Defendants contend that Apidel is a staffing and recruiting company, and Becton Dickinson is a medical device company. *Id.* at 1.

Case No.: 5:22-cv-06670-EJD
ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION
2

California within four (4) years from the filing of the Complaint in this action until its resolution." Compl. 3. Defendants removed the case to federal court under the Class Action Fairness Act ("CAFA"). Notice of Removal, ECF No. 1.[4] Defendants then filed a joint motion to compel arbitration of Aguila's individual claims and dismiss Aguila's class action claims. *See* Mot. Compel.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs the agreement between the Parties. The FAA declares "that a written agreement to arbitrate . . . 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract,'" and thereby establishes a "liberal federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (quoting 9 U.S.C. § 2). Where parties enter into an arbitration agreement, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Any doubts must be resolved in favor of arbitration. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003).

In determining whether to compel a party to arbitrate, the court must determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (internal quotation marks and citation omitted). If both are answered in the affirmative, the court must compel arbitration. 9 U.S.C. §§ 2–4.

## III. DISCUSSION

### A. Judicial Notice

As an initial matter, Defendants request Judicial Notice of a recent Santa Clara Superior

---

[4] After this case was removed, Plaintiff filed a new action in the Santa Clara Superior Court alleging claims under the Private Attorney General Act ("PAGA"). *See Aguila v. Becton and Dickinson, et al.*, Santa Clara Superior Court Case No. 22C404498 (August 7, 2023); *see also infra* Part III.E. n. 7 (discussing status of Superior Court case).

Case No.: 5:22-cv-06670-EJD
ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION
3

1    Court order granting a motion to compel arbitration for claims between the same parties arising

2    from the same Agreement. Defs.' Request for Judicial Notice, ECF No. 27.

3          A court may take judicial notice of a fact "not subject to reasonable dispute" if it is

4    "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily

5    determined from sources whose accuracy cannot reasonably be questioned." Fed. Rules. Evid.

6    201(b). A court may properly take judicial notice of matters of public record, including court

7    filings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

8          Here, Defendants ask the Court to take Judicial Notice of "Order Regarding Defendants'

9    Motion to Compel Arbitration of Individual Claims and Stay Plaintiff's Representative PAGA

10   Claim or Alternatively, to Stay Entire Acton" issued by Judge Sunil R. Kulkarni in *Aguila v.*

11   *Becton and Dickinson, et al.*, Santa Clara County Superior Court Case No. 22C404498 (filed Aug.

12   7, 2023). Defs.' Request for Judicial Notice. Aguila did not oppose. The Court will take Judicial

13   Notice of Santa Clara Superior Court's order as a matter of public record.

14       **B.**    **Unenforceable Agreement to Arbitrate**

15         When assessing whether an arbitration agreement is enforceable, "generally applicable

16   contract defenses, such as fraud, duress, or unconscionability, may be applied . . . without

17   contravening [the FAA]." *Heredia v. Sunrise Senior Living LLC*, No. 18-cv-00616-HSG, 2018

18   WL 5734617, at *2 (N.D. Cal. Oct. 31, 2018) (internal quotation marks omitted) (quoting *Doctor's*

19   *Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). Thus, the "state-law principles that govern

20   the formation of contracts" apply to this analysis. *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 994

21   (9th Cir. 2010); *see also Reichert v. Rapid Invs., Inc.*, 56 F.4th 1220, 1227 (9th Cir. 2022) (stating

22   that district courts apply "ordinary state-law principles that govern the formation of contracts' in

23   analyzing arbitration agreements).

24         **1.**    **Contrary to California Public Policy**

25         "Under general principles of California contract law, a contract is unlawful, and therefore

26   unenforceable, if it is '[c]ontrary to an express provision of law' or '[c]ontrary to the policy of

27   express law, though not expressly prohibited.'" *Sheppard, Mullin, Richter & Hampton, LLP v. J-*

28   Case No.: 5:22-cv-06670-EJD
ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION
4

1    *M Mfg. Co.*, 425 P.3d 1, 8–9 (Cal. 2018) (quoting Cal. Civ. Code § 1667).

2    "[A] contractual forum selection clause is 'unenforceable if enforcement would
3    contravene a strong public policy of the forum in which suit is brought, whether declared by
4    statute or by judicial decision.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir.
5    2000) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). California Labor
6    Code section 925 states that "[a]n employer shall not require an employee who primarily resides
7    and works in California, as a condition of employment, to agree to a provision that would . . . .
8    [r]equire the employee to adjudicate outside of California a claim arising in California," Cal. Lab.
9    Code § 925(a), where "adjudication includes litigation and arbitration," *id.* § 925(d).[5]  District
10   courts have found that "Section 925 expresses California's strong public policy against forum-
11   selection clauses in employment agreements." *Bromlow v. D & M Carriers, LLC*, 438 F. Supp. 3d
12   1021, 1029 (N.D. Cal. 2020); *see also, e.g., Tovar v. GC Servs. Ltd. P'ship*, No. 3:21-CV-1597-
13   CAB-BGS, 2021 WL 5989944, at *5 (S.D. Cal. Dec. 17, 2021); *Buchsbaum v. Digital Intel. Sys.,*
14   *LLC*, No. 20-CV-00706-BAS-AGS, 2020 WL 7059515, at *7 (S.D. Cal. Dec. 2, 2020); *Pierman v.*
15   *Stryker Corp.*, No. 319CV00679BENMDD, 2020 WL 406679, at *4 (S.D. Cal. Jan. 24, 2020).  In
16   line with this public policy, courts in California have also "recognize[d] that agreements requiring
17   employees to pursue arbitration in a distant forum often 'impose too great a burden' and are
18   substantively unconscionable." *Bernstein v. PayReel, Inc.*, No. CV 23-2575 PA (ASX), 2023 WL
19   5505872, at *3 (C.D. Cal. July 5, 2023) (quoting *Lucas v. Gund, Inc.*, 450 F. Supp. 2d 1125, 1134
20   (C.D. Cal. 2006) and citing *Fleming v. Weather Shield Mfg., Inc.*, No. EDCV18-00589-
21   GW(KKx), 2018 WL 6010365, at *7–8 (C.D. Cal. May 14, 2018)); *see also infra* Part III.B.2.
22   (discussing unconscionability in more depth).

23   The Court finds that the Arbitration Provision here conflicts with California's strong and
24   established public policy against forum-selection clauses in employment contracts.  The

---

[5] Though Plaintiff did not rely on California Labor Code section 925 to void the Arbitration Agreement in its Opposition, the Court finds that Section 925 reflects a clear public policy against forum-selection clauses that renders the Arbitration Provision unenforceable.

Case No.: 5:22-cv-06670-EJD
ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION
5

1    Arbitration Provision requires, as a condition of employment, "that any dispute that arises out of
2    or relating to this agreement . . . be settled by *final and binding arbitration held in Chicago, IL*."
3    Agreement at 4 (emphasis added). It is evident from the Agreement that Aguila lived and worked
4    in California during the period of employment. Compl. 2. The Agreement assigns Aguila to work
5    on a project in San Jose, California and lists San Jose, California as his address. Agreement 1.
6    California's public policy against provisions such as this is clear—the California legislature
7    protects employees from being required to, as a condition of employment, incur the chilling
8    burden and expense of traveling outside the state of California to seek relief for alleged labor law
9    violations that occurred within the state. *See, e.g.*, *Bromlow*, 438 F. Supp. at 1029 ("Section 925
10   expresses California's strong public policy against forum-selection clauses in employment
11   agreements."); *Buchsbaum*, 2020 WL 7059515, at *7 (citing *Bromlow*, 438 F. Supp. at 1029);
12   *Tovar*, 2021 WL 5989944, at *5 ("[I]f the Agreement's choice of law provision violates § 925(a),
13   the provision is unenforceable under California law even if Plaintiff does not unilaterally void
14   it."); *Pierman*, 2020 WL 406679, at *4 (noting "California's strong public policy of providing a
15   protective local forum for its own citizens"); *Bernstein*, 2023 WL 5505872, at *3 ("California
16   courts recognize that agreements requiring employees to pursue arbitration in a distant forum often
17   'impose too great a burden' and are substantively unconscionable."); *Lucas*, 450 F. Supp. 2d at
18   1134 (finding arbitration provision requiring employee to arbitrate California claims in another
19   state an unconscionable burden conflicting with the FAA's requirement that arbitration take place
20   within the district where the petition to compel arbitration was filed); *Fleming*, 2018 WL 6010365,
21   at *7–8 (same); Cal. Lab. Code § 925.[6]

22   Because the Arbitration Provision runs "[c]ontrary to the policy of express law," the Court

---

[6] Defendants' request that this Court, located in the Northern District of California, compel arbitration in Illinois also conflicts with the FAA. 9 U.S.C. § 4 (providing that arbitration shall take place "within the district in which the petition for an order directing such arbitration is filed"); *see also Fleming v. Weather Shield Mfg., Inc.*, No. EDCV18-00589-GW(KKX), 2018 WL 6010365, at *7–8 (C.D. Cal. May 14, 2018) (citing *Lucas v. Gund, Inc.*, 450 F. Supp. 2d 1125, 1134 (C.D. Cal. 2006) ("[T]he provision conflicts with the FAA section 4, which provides that arbitration shall take place 'within the district in which the petition for an order directing such arbitration is filed,' 9 U.S.C. § 4, which in this case would be the Central District of California.")).

Case No.: 5:22-cv-06670-EJD
ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION
6

finds it "unlawful, and therefore unenforceable." *Sheppard*, 425 P.3d at 8–9.

### 2. Unconscionable

"Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid," and courts "utilize[] a sliding scale to determine unconscionability—greater substantive unconscionability may compensate for lesser procedural unconscionability." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013).

<u>Substantive Unconscionability</u>

A contract is substantively unconscionable when it is so unjustifiably one-sided that it "shocks the conscience." *Id.* at 923; *see also Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 692 (Cal. 2000) ("[I]t is unfairly one-sided for an employer with superior bargaining power to impose arbitration on an employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee.").

As discussed above, courts in California have "recognize[d] that agreements requiring employees to pursue arbitration in a distant forum often 'impose too great a burden' and are substantively unconscionable." *Bernstein*, 2023 WL 5505872, at *3 (quoting *Lucas*, 450 F. Supp. 2d at 134 and citing *Fleming*, 2018 WL 6010365, at *7–8). The Court agrees with this line of case law and finds that the Arbitration Provision's requirement that Aguila arbitrate outside of California, in direct conflict with California's public policy, also constitutes substantive unconscionability.

<u>Procedural Unconscionability</u>

"Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013) (citing *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 783 (9th Cir.2002) and *A & M Produce Co. v. FMC Corp.*, 186 Cal. Rptr. 114, 121–22 (Cal. Ct. App. 1982)). Oppression is measured by the weaker party's absence of choice and unequal bargaining power that results in "no real negotiation." *Id.* (internal quotation marks omitted) (quoting *A & M*

*Produce*, 186 Cal. Rptr. at 122). Surprise is measured by "the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party." *Id.* (citing *Parada v. Super. Ct.*, 98 Cal. Rptr. 3d 743, 757 (Cal. Ct. App. 2009).

Aguila points to various circumstances showing procedural unconscionability at the time of the Agreement, including the Agreement being a contract of adhesion, and Defendants failing to attach the arbitration rules to the Agreement or otherwise call attention to the Arbitration Provision. Pl.'s Opp'n to Mot. Compel ("Opp'n") 6–9. Defendants argue that neither a contract of adhesion nor the failure to attach the arbitration rules alone constitute procedural unconscionability. Reply 5–6. The Court agrees that each of these circumstances alone do not constitute procedural unconscionability, but the Court finds that these circumstances *combined* show a level of oppression and surprise that renders the Arbitration Provision procedurally unconscionable.

First, Aguila argues that the Agreement is procedurally unconscionable because it is a contract of adhesion. Opp'n 7. "Procedural unconscionability turns on adhesiveness—a set of circumstances in which the weaker or 'adhering' party is presented a contract drafted by the stronger party on a take it or leave it basis." *Mercuro v. Superior Ct.*, 116 Cal. Rptr. 2d 671 (Cal. Ct. App. 2002). "A contract of adhesion is 'a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.'" *Parada v. Superior Ct.*, 98 Cal. Rptr. 3d 743, 756–57 (Cal. Ct. App. 2009) (quoting *Armendariz*, 6 P.3d at 689). Here, Aguila argues that the Agreement is a contract of adhesion because "it is part of standardized forms, drafted and imposed by a party of superior bargaining strength, and Aguila's only option was to accept the agreement and its terms or reject it under risk of not being hired or losing his employment." Opp'n 8. Aguila further argues that the Agreement is procedurally unconscionable because he "did not have an opportunity or power to negotiate or reject any of the terms of the Arbitration provision, as it was contained in his offer letter of employment." *Id.* The Agreement itself supports Aguila's contention by stating: "Employee agrees to comply *without exception* to all of the above terms and conditions . . . ."

Case No.: 5:22-cv-06670-EJD
ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION
8

Agreement 4 (emphasis added). The Court finds these circumstances show the Agreement was presented to Aguila on a take-it-or-leave-it-basis, where Aguila's only options were to adhere to the contract or reject it.

Second, Aguila argues that the failure to attach the rules of arbitration to the Agreement also shows procedural unconscionability. Opp'n 8. "The failure to attach a copy of arbitration rules could be a factor supporting a finding of procedural unconscionability where the failure would result in surprise to the party opposing arbitration." *Lane v. Francis Cap. Mgmt. LLC*, 168 Cal. Rptr. 3d 800, 811 (2014) (finding no procedural unconscionability when the failure to attach arbitration rules would not result in surprise for the professional security analyst employee); *but see Gutierrez v. Autowest, Inc.*, 7 Cal. Rptr. 3d 267, 272 (Cal. Ct. App. 2003), *as modified on denial of reh'g* (Jan. 8, 2004) (finding procedural unconscionability when the failure to attach arbitration rules was combined with the fact that the arbitration provision was located on the back of a lease with numerous other contract provisions). Here, Aguila highlights that, while Defendants referenced the AAA rules in the Arbitration Provision, they failed to attach a copy of the rules or instruct Aguila on where he can find the rules on the internet. Opp'n 8. Defendants do not contest this fact. *See* Mot. Compel 8; Reply 6. Aguila argues that Defendants' failure to provide the arbitration rules or otherwise call out the Arbitration Provision also leads to surprise because of its location on the Agreement—the Arbitration Provision is one sentence under the title "Signature Acknowledgement," where it is buried with other contract provisions relating to background checks, agreement to security protocols, business conduct codes, and ethics codes. *See* Agreement 4; Opp'n 7–8. The Court agrees and finds that the failure to provide Aguila with a copy of the arbitration rules or refer Aguila to their website, combined with the Arbitration Provision's discrete placement with other contract provisions under the "Signature Acknowledgement" title, shows a level of oppression and surprise in the Arbitration Provision.

Therefore, because the Agreement was an adhesion contract, the Arbitration Provision was discretely placed with other contract provisions under the title "Signature Acknowledgement," and Aguila was not provided a copy of the arbitration rules or otherwise directed to their website, the

Case No.: 5:22-cv-06670-EJD
ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION
9

Court finds procedural unconscionability.

Because the Court finds both substantive and procedural unconscionability, the Court will not enforce the unconscionable Arbitration Provision clause. *See Armendariz*, 6 P.3d 669, 689 (Cal. 2000) (citing Cal. Civ. Code § 1670.5) ("[T]he court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.").

\* \* \*

The Court finds that the Arbitration Provision is unenforceable because it contravenes California public policy and is substantively and procedurally unconscionable. As such, the Court denies Defendants' request to compel Aguila to arbitrate his claims. Because the Court finds that the Arbitration Provision is unenforceable, it does not reach Defendants' other arguments regarding the Arbitration Provision's scope, Becton Dickinson's authority to compel arbitration, or arbitrating class action claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to compel arbitration and dismiss Plaintiff's class claims.

**IT IS SO ORDERED.**

Dated: September 13, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-06670-EJD
ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION
10